UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIELLE WOBROCK,

       Plaintiff,                                Case No. 17-cv-10613

vs.                                                   HON. MARK A. GOLDSMITH

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY

       Defendant.
_____/

**OPINION & ORDER
(1) SUSTAINING DEFENDANT'S OBJECTIONS (Dkt. 20), (2) REJECTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO THE EXTENT IT
RECOMMENDS REMAND (Dkt. 19), (3) DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (Dkt. 15), AND (4) GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (Dkt. 18)**

In this social security case, Plaintiff Gabrielle Wobrock appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 15, 18), and Magistrate Judge Whalen issued an R&R recommending that the Court grant Wobrock's motion for summary judgment in order to remand for further fact-finding, and deny the Commissioner's motion for summary judgment (Dkt. 19). The Commissioner filed objections to the R&R (Dkt. 20); Wobrock has not filed a response.

For the reasons that follow, the Court sustains the Commissioner's objections and rejects the Magistrate Judge's recommendation that the Court order remand for further fact-finding. Wobrock's motion is denied and the Commissioner's motion is granted.

**I. LEGAL STANDARD**

1

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

The Commissioner offers two objections: (i) the Magistrate Judge erred when he inferred that the ALJ did not consider statements made by Rosalie Guziel, Wobrock's grandmother; and (ii) the Magistrate Judge erred in finding that the ALJ's failure to discuss Guziel's statements was not harmless error. See Obj. at 2, 3. Because the Court concludes that the ALJ did not err in not addressing Guziel's opinion, the Court need not address the second objection.

In the R&R, the Magistrate Judge addressed Wobrock's claim that the ALJ failed to weigh the opinion of Guziel when determining whether Wobrock is disabled. The Magistrate Judge first cited Social Security Ruling ("SSR") 96-7, which states that "nonmedical sources such as family and friends" "may provide information from which inferences and conclusions may be drawn

about the credibility of the individual's statements." 1996 WL 374186 at *8. The Magistrate Judge also noted SSR 06-3p, which clarifies how the Social Security Administration considers evidence and opinions from "'non-medical sources,' such as teachers, school counselors, social workers, and others who have seen the individual in their professional capacity, as well as evidence from employers, spouses, relatives, and friends." 2006 WL 2329939 at *4. The regulation states that "[s]ince there is a requirement to consider all relevant evidence in an individual's case record, the case record should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity." Id. at *6.

Because the ALJ did not discuss Guziel's opinion in her ruling, the Magistrate Judge concluded that she failed to consider it all. It is to this inference that the Commissioner objects. The Court holds that the objection is well-founded.

While there is a requirement to consider all relevant evidence, the social security regulations make an explicit distinction between evidence to be considered, and evidence that must be addressed in the ALJ's ruling. See id. ("[T]here is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision."). The regulations states that the ALJ "generally should explain the weight given to opinions from "medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity." Id.

Notably, the regulation does not state that the ALJ must explain the weight given to non-medical sources who have not seen the claimant in her professional capacity, such as "spouses, relatives, and friends." Id. at *4; see also Finkbeiner v. Comm'r of Soc. Sec., No. 13-13906, 2015 WL 668058, at *10 (E.D. Mich. Feb. 17, 2015) ("Plaintiff's father's evidence is considered

'evidence from 'non-medical sources' who have not seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors,' and while this evidence must be considered with all the evidence of record, SSR 06–03p does not identify this 'evidence' as an 'opinion' that requires an explanation of the weight given it.").

Because Guziel, Wobrock's grandmother, did not see Wobrock in a professional capacity, the ALJ was not required to discuss the weight given to her opinion. This cannot give rise to a reasonable inference that the ALJ failed to consider it at all. This is especially so where, as the Magistrate Judge acknowledged, Guziel's opinions regarding Wobrock's limitations were at odds with both medical opinions and Wobrock's own testimony. See R&R at 25. The ALJ likely concluded, justifiably, that because Guziel's opinion was not credible, and because the regulations do not require it, she did not need to address the opinion in her ruling. The Magistrate Judge erred in concluding otherwise. As a result, the Court rejects the recommendation to remand the case to the ALJ for the purpose of addressing Guziel's opinion. Because the Court concludes that the ALJ did not err in not addressing Guziel's opinion, the Court need not address the Commissioner's objection to the Magistrate Judge's finding regarding harmless error.

### III. CONCLUSION

For the foregoing reasons, the Court sustains the Commissioner's objections and rejects the Magistrate Judge's recommendation that the Court order remand for further fact-finding. Wobrock's motion is denied and the Commissioner's motion is granted.

SO ORDERED.

Dated: March 9, 2018  
   Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 9, 2018.

                                            s/Karri Sandusky
                                            Case Manager